[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 20, 2006
THOMAS K. KAHN
CLERK

No. 05-13869
Non-Argument Calendar

_____

D. C. Docket No. 04-00127-CV-1-AAA

JOHN D. WATKINS,

Plaintiff-Appellant,

versus

SOUTHEASTERN NEWSPAPERS, INC.,
d.b.a. The Augusta Chronicle,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 20, 2006)**

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

John D. Watkins, proceeding pro se, appeals the district court's order

granting Southeastern Newspapers, Inc.'s renewed motion for summary judgment in a <u>pro se</u> action for copyright infringement, 17 U.S.C. § 101 <u>et seq.</u> Watkins alleged that Southeastern infringed his copyright in a book he had written, <u>King's Last Visit to Augusta (He Was Persona Non Grata)</u> (hereinafter "the book"), by (1) using a copy of a photograph of Dr. Martin Luther King, Jr. (hereinafter "the photograph") which was contained in the book in a newspaper article it published, and (2) selling copies of the photograph on the Internet.[1] On appeal, Watkins argues that the district court erred when it granted Southeastern's motion for summary judgment based on a letter from the U.S. Copyright Office, which indicated that Watkins had not registered his copyright in the book, because (1) the letter was inadmissible hearsay, and (2) Southeastern did not disclose the name of the witness who wrote the letter, or the letter itself, as it was required to do pursuant to Fed.R.Civ.P. 26(a)(1).

## I. Admissibility of the letter from the Copyright Office

As an initial matter, because Watkins did not challenge the admissibility of the letter from the Copyright Office based on Southeastern's alleged failure to comply with the disclosure requirements of Fed.R.Civ.P. 26(a)(1) before the

---

[1] In his complaint, Watkins also raised a claim for common law plagiarism. On appeal, Watkins does not challenge the district court's finding that this claim was preempted by the Copyright Act, and therefore, he has abandoned any argument on this issue. <u>See, e.g.</u>, <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

district court, Watkins has waived any argument on this issue, and we will not consider it on appeal. See Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994) (noting that, except for limited exceptions which are not applicable in this case, issues not raised in the district court generally are not considered on appeal).

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," and generally is not admissible unless it falls under an exception to the hearsay rule. See Fed.R.Evid. 801(c) and 802. There is an exception to the hearsay rule for public reports and records. See Fed.R.Evid. 803(8)(C). That exception provides, in relevant part, that "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . factual findings resulting from an investigation made pursuant to authority granted by law," are admissible "unless the sources of information or other circumstances indicate lack of trustworthiness." Id. We have explained that "Rule 803(8)(C) allows into evidence public reports that (1) set forth factual findings (2) made pursuant to authority granted by law (3) that the judge finds trustworthy," unless the evidence is otherwise inadmissible because it is irrelevant or is more prejudicial than probative. Hines v. Brandon Steel Decks, Inc., 886 F.2d 299, 302 (11th Cir. 1989). The district court has broad discretion to admit or exclude evidence, and

that decision "will not be reversed absent a clear showing of abuse of that discretion." Id.

In this case, the district court did not err in considering the letter from the Copyright Office, which is a report from a public office or agency, because it falls under the public-reports-and-record-exception to the hearsay rule See Fed.R.Evid. 803(8)(C). First, the letter sets forth factual findings. Second, those factual findings resulted from an authorized search of the copyright registration records. See 17 U.S.C. § 705(c) (authorizing the Copyright Office to "make a search of its public records, indexes, and deposits," for, among other things, information regarding the registration of copyrights). Third, there was no evidence presented contradicting the information in the letter, and there were no other circumstances indicating that the document otherwise lacked trustworthiness. Finally, the letter is relevant and is not more prejudicial than probative, and therefore, is not otherwise inadmissible. Accordingly, we conclude that the district court did not abuse its discretion when it considered the letter from the Copyright Office.

## II. Summary judgment was proper

We review de novo the district court's ruling on a motion for summary judgment, applying the same legal standards as the district court. See Miller v. King, 384 F.3d 1248, 1258 (11th Cir. 2004). Summary judgment is appropriate "if

4

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Copyright Act provides, in relevant part, that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made . . . ." 17 U.S.C. § 411(a). This Court has held that "[t]he registration requirement is a jurisdictional prerequisite to an infringement suit." M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488 (11th Cir. 1990); see also Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1285 (11th Cir. 2000) (describing this rule as "well settled").

In this case, because the evidence in the record shows that Watkins failed to register the copyright in his book before bringing his copyright infringement claims, the district court did not have jurisdiction to consider Watkins's claims, and therefore, did not err in granting Southeastern's renewed motion for summary judgment. See M.G.B. Homes, 903 F.2d at 1488.

**AFFIRMED.**

5